## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Donna Zauner,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 11-103 ADM/FLN

_____

Erika R. Mozangue, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Donna Zauner, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Donna Zauner's ("Zauner") Motion for Appointment of Counsel [Docket No. 70]. For the reasons set forth below, the motion is denied.

## II. BACKGROUND

On August 1, 2011, Zauner pleaded guilty to Production of Child Pornography in violation of 18 U.S.C § 2251(a) and (e). See Min. Entry [Docket No. 39]; Sent. J. [Docket No. 54]. The Court sentenced Zauner on December 21, 2011, to 216 months imprisonment and 15 years supervised release, Sent. J. Zauner directly appealed her sentence, Notice of Appeal [Docket No. 56]. The Eighth Circuit Court of Appeals affirmed her sentence on August 16, 2012, Op. of USCA [Docket No. 64]; United States v. Zauner, 688 F.3d 426 (8th Cir. 2012). Zauner filed this Motion for Appointment of Counsel on March 25, 2013.

## III.  DISCUSSION

". . . [T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Federal prisoners collaterally challenging their convictions or sentences do not have a right to counsel.  See id. at 555-56; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994) (citing McClesky v. Zant, 499 U.S. 467, 495 (1991)).  The Court has discretion to appoint counsel in a § 2255 proceeding only if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).

Here, Zauner has not yet filed a § 2255 motion, which would initiate a separate civil case.  See, e.g., United States v. Allen, No. 4:97CR00141, 2007 WL 107760, at *1 n.2 (E.D. Mo. Jan. 8, 2007).  The criminal case from which this motion arises is closed because Zauner was sentenced and the Eighth Circuit Court of Appeals affirmed that sentence on direct appeal.  Therefore, Zauner does not have any matters pending before the Court and her request for appointment of counsel is premature.  See United States v. Rodriguez-Rivera, No. 07-cr-0026, 2012 WL 2277784, at *1 (D. Minn. June 18, 2012); see also United States v. Harper, No. 8:07CR260, 2009 WL 2044820, at *1 (D. Neb. July 9, 2009).  Even when construed liberally, Zauner has not stated sufficient allegations or argument to allow the Court to construe her pleading as a § 2255 motion.

Should Zauner file an appropriate § 2255 motion and renew her request for counsel, the Court would at that time consider whether she had presented non-frivolous claims and whether "the interests of justice" required the appointment of counsel.  United States v. Hill, 171 F. Supp. 2d 1032, 1035 (D.S.D. 2001); 18 U.S.C. § 3006A(a)(2)(B).  Zauner's current motion for the appointment of counsel will be denied.  Materials to assist pro se litigants in filing § 2255 motions are available through correctional facility resources and the District of Minnesota

website.[1]

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Donna Zauner's Motion for Appointment of Counsel [Docket No. 70] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 8, 2013.

---

[1] Guidebooks and forms are available online at: http://www.mnd.uscourts.gov/Pro-Se/PrisonerResources.shtml